UNITED STATES of America,
Appellee,

v.

Jason JONES, Defendant–Appellant.

No. 07–4991–cr.

United States Court of Appeals,
Second Circuit.

Feb. 18, 2009.

Barbara A. Masterson, Assistant United States Attorney (Gregory L. Waples, Assistant United States Attorney, on the brief), for Thomas D. Anderson, United States Attorney for the District of Vermont, Burlington, V.T., for Appellant.

Tina Schneider, Portland, M.E., for Appellee.

Present: ROSEMARY S. POOLER, DEBRA ANN LIVINGSTON, Circuit Judges, and JED S. RAKOFF, District Judge.*

## SUMMARY ORDER

Appellant Jason Jones pleaded guilty to distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). He was sentenced principally to 96 months' imprisonment. On appeal, Jones asserts that he did not admit to distribution of crack cocaine and that, therefore, the district court improperly calculated his sentence based on the United States Sentencing Guidelines for crack cocaine. We assume the

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On May 8, 2006, at Jones' initial plea hearing, the government asserted that Jones had sold "crack" cocaine to a "cooperating individual." Jones' attorney objected to the characterization of the drugs at issue as "crack" in "order to preserve the argument about whether or not there was any sentencing significance whatsoever between cocaine base and crack."

However, at no time after that May 8, 2006 hearing did Jones raise this objection in the district court. On August 15, 2006, the Presentence Report ("PSR") issued by the United States Probation Office recommended a sentence based on the Guidelines for crack cocaine. At Jones' sentencing hearing on August 30, 2007, the district judge stated that he intended to use the "crack guidelines" to calculate Jones' sentence. Due to unrelated disputes, the hearing was continued for sixty days, during which time Jones entered into a new plea agreement with the government. On October 29, 2007, the district court held a hearing on Jones' new plea and sentence. At that hearing, the district judge asked Jones whether he "in fact distributed crack cocaine on or about July 9, 2005," and Jones responded in the affirmative. The district court proceeded to sentence Jones based on the Guidelines for crack cocaine, without any objection from Jones on this issue.

Issues to which a party failed to object in the district court, "including sentencing issues, are normally deemed forfeited on appeal unless they meet our standard for plain error." *United States v. Villafuerte,* 502 F.3d 204, 207 (2d Cir.2007). Jones argues that his objection at the May 8, 2006 hearing was preserved because, at the October 29, 2007 hearing, the district judge "incorporate[d]" its findings from the May 8, 2006 hearing with regard to the

"factual basis" that the "government ha[d] already provided." But the district court did not incorporate the tentative objection raised by Jones. Moreover, the objection was forfeited due to Jones' failure to raise it in response to the PSR's recommendation and the district court's determination that the crack cocaine Guidelines would form the basis for Jones' sentence. Based on this forfeiture and Jones' admission at the October 29, 2007 hearing that he had in fact distributed *crack* cocaine, the district court's decision to apply the Guidelines for crack cocaine was not in error.

Prior to oral argument we invited the parties to file letter briefs informing us as to whether, assuming the district court's application of the crack cocaine Guidelines to Jones is upheld, a remand pursuant to *United States v. Regalado,* 518 F.3d 143 (2d Cir.2008) is warranted. In response, the government conceded that such a remand is appropriate.

Accordingly, we AFFIRM the district court's application of the crack cocaine Guidelines, but REMAND for consideration of whether resentencing is appropriate pursuant to *Regalado.*